UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN AMERICAN FEDERATION OF
STATE COUNTY AND MUNICIPAL
EMPLOYEES, COUNCIL 25, AFL-CIO AND
ITS AFFILIATED LOCAL 1640,

        Plaintiff,

vs.
        Case No. 08-CV-12495
        HON. GEORGE CARAM STEEH

MATRIX HUMAN SERVICES, VISTA NUEVAS
HEAD START AND PRESIDENT/CHIEF
EXECUTIVE OFFICER, DR. MARCELLA
WILSON,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES (#18)

Defendants Matrix Human Services, Vista Nuevas Head Start, and President/Chief Executive Officer Dr. Marcella Wilson (collectively "Matrix") move for an award of $28,811.00 in attorneys' fees and $29,806.16 in nontaxable expenses pursuant to § 7 of the Norris-La Guardia Act, 29 U.S.C. § 107. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff American Federation of State, County, and Municipal Employees' ("AFSCME") filed a complaint and a motion for a TRO in Michigan's Wayne County Circuit Court on June 5, 2008 challenging Vistas Nuevas' October 30, 2007 notification to AFSCME bargaining unit employees that medical benefits would be terminated from June

6, 2008 through August 18, 2008 during a Summer recess period. The Wayne County Judge issued a TRO that same day, June 5, 2008, enjoining Matrix from cancelling medical coverage, and reinstating any medical benefits that had already been cancelled. Matrix removed the suit to federal court on June 11, 2008 based on federal question jurisdiction and the preemptive effect of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Matrix also moved to dissolve the TRO, and following a June 26, 2008 hearing, the court issued a July 1, 2008 Order granting Matrix's motion and dissolving the TRO on finding that AFSCME failed to show the irreparable harm necessary to sustain the TRO. On October 30, 2008, the court granted Matrix's motion to dismiss AFSCME's claims as moot, and denied Matrix's request for an award of costs and attorney fees under Rule 54(d)(1) as a "prevailing party." Matrix filed the instant motion for an award of attorneys' fees and expenses under § 7 of the Norris-La Guardia Act on November 12, 2008.

> § 7 of the Norris-La Guardia Act provides in pertinent part:
>
> . . . . [I]f a complainant shall . . . allege that, unless a temporary restraining order shall be issued without notice, a substantial and irreparable injury to complainant's property will be unavoidable, such a temporary restraining order may be issued upon testimony under oath, sufficient, if sustained, to justify the court in issuing a temporary injunction upon a hearing after notice. Such a temporary restraining order shall be effective for no longer than five days and shall become void at the expiration of said five days. <u>No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court</u>.
>
> <u>The undertaking mentioned in this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding</u> against said

complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing in this section contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law or in equity.

29 U.S.C. § 107 (emphasis added).

"[A]n undertaking with adequate security" as referred to in § 7 is a bond. International Ladies' Garment Workers' Union v. Donnelly Garment Co., 147 F.2d 246, 252 (8th Cir. 1945).

> . . . . The requirement of a bond as a condition precedent to an order for temporary injunctive relief is directly opposed to the notion that the Act is self-executing and that the liability of a plaintiff to a defendant on an erroneous order of restraint is measured by the defendant's expenditures in vacating the order, without regard to the amount stipulated in the bond and fixed by the court in conformity with the Act. We may not suppose that Congress, in imposing upon the court the duty of determining the amount of security adequate to the protection of a defendant, and just to a plaintiff, intended that the court's determination should be wholly ineffectual and without meaning as the measure of plaintiff's liability upon his undertaking. We think the statutory requirement of a bond, upon certain conditions, in an amount to be fixed by the court is conclusive evidence of the legislative intention that the bond should be the evidence and the measure of plaintiff's liability and defendant's protection. In this there is nothing inconsistent with an intention on the part of Congress to provide for labor unions and their members the widest possible protection against erroneous and improvident injunctions. Necessarily, at the beginning of an action, the amount of security adequate for a defendant's protection is a matter of estimate. It may be fixed in a sum which the event proves inadequate or excessive. If the security required by the court becomes inadequate while the restraint continues and the litigation proceeds, a defendant has ready to hand the means for his protection by a motion for an increase in the amount of the security. If we concede that the rights of the parties in the present action are controlled by section 7 of the Norris-LaGuardia Act, defendants are nevertheless not entitled to recover in excess of the total of the penalties of the bonds required by the court, since at no time in the present litigation did they complain either of the conditions of the bonds or of the amount of the security determined to be adequate by the courts which required them. . . .

Id. at 252-253. Consequently,

> "[W]hether rightly or wrongly no bond or security was furnished, we must apply the rule which prevails in the federal courts. That rule is that in the absence of such a bond, there may be no recovery of damages for the issuance of a temporary injunction even although it may have been improvidently granted.

Benz v. Compania Naviera Hidalgo, S.A., 205 F.2d 944, 948 (9th Cir. 1953) (citing inter alia Donnelly, 147 F.2d at 253).

It is undisputed that no bond was posted by AFSCME in the Wayne County Circuit Court "to recompense" Matrix "for any loss, expense, or damage caused by the improvident or erroneous issuance of" the June 5, 2008 TRO. As a result, Matrix cannot recover $28,811.00 in attorneys' fees and $29,806.16 in nontaxable expenses pursuant to § 7 of the Norris-La Guardia Act even though this court vacated the TRO on July 1, 2008. Donnelly, 147 F.2d at 252-253; Benz, 205 F.2d at 948. The Sixth Circuit opinion of Aluminum Workers International Union, AFL-CIO, Local Union No. 215 v. Consolidated Aluminum Corporation, 696 F.2d 437 (6th Cir. 1982) does not warrant a different conclusion because a $1,000.00 bond was furnished in the district court to support the injunction that was vacated on appeal. Id. at 440. The Sixth Circuit remanded on finding that the district court that issued the $1,000.00 bond had failed to consider "the sufficiency of the amount to recompense the party enjoined for 'any loss, expense, or damages caused by the improvident or erroneous issuance of such an order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order.'" Id. at 446 (quoting 29 U.S.C. § 107). United States Steel Corporation v. United Mine Workers of America, 456 F.2d 483 (3rd Cir. 1972) likewise involved the posting of an initial $1,000.00 bond to support the district court's preliminary injunction. Id. at 485. Consistent with the reasoning in Donnelly, on a determination that "the security required

by the court [was] inadequate," a remedy was available in Consolidated Aluminum and United States Steel to "*increase* . . . the amount of the security." Donnelly, 147 F.2d at 253 (emphasis added). Here, there is no bond to increase. Consolidated Aluminum and United States Steel do not support requiring AFSCME to now *first* post a bond "in this proceeding" equal to Matrix's damages after the TRO has already been set aside, and after AFSCME's claims have been dismissed as moot.

Rightly or wrongly, no bond was furnished in this matter. Accordingly, and pursuant to the reasoning set forth in Donnelly and Benz, supra,

Matrix's motion for attorneys' fees and nontaxable expenses pursuant to § 7 of the Norris-La Guardia Act is hereby DENIED. AFSCME's request for an award of costs and fees in responding to this motion is hereby DENIED.

SO ORDERED.

Dated: December 12, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk