UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN AMERICAN FEDERATION OF
STATE COUNTY AND MUNICIPAL
EMPLOYEES, COUNCIL 25, AFL-CIO AND
ITS AFFILIATED LOCAL 1640,

       Plaintiff,

vs.

Case No. 08-CV-12495
HON. GEORGE CARAM STEEH

MATRIX HUMAN SERVICES, VISTA NUEVAS
HEAD START AND PRESIDENT/CHIEF
EXECUTIVE OFFICER, DR. MARCELLA
WILSON,

       Defendants.

_____/

## ORDER ON REMAND SETTING BRIEFING SCHEDULE AND NOTICE OF HEARING ON MAY 25, 2010 @ 2:00 P.M.

This matter is on remand from the Sixth Circuit Court of Appeals. See *Michigan American Federation of State County and Municipal Employees Council 25, Local 1640 v. Matrix Human Services*, 589 F.3d 851 (6th Cir. 2009). The mandate issued on March 1, 2010.

Plaintiff Michigan American Federation of State, County, and Municipal Employees' ("Union") filed a complaint and a motion for a temporary restraining order ("TRO") in Michigan's Wayne County Circuit Court on June 5, 2008 challenging defendant Matrix Human Services' October 30, 2007 notification to Union bargaining unit employees that medical benefits would be terminated from June 6, 2008 through August 18, 2008 during

a Summer recess. The Wayne County Judge issued a TRO that same day, June 5, 2008, enjoining Matrix from cancelling medical coverage, and reinstating any medical benefits that had been cancelled. Matrix removed the suit to federal court six days later, on June 11, 2008, based on federal question jurisdiction and the preemptive effect of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Matrix moved in federal court to dissolve the TRO. Following a hearing on the motion, this court granted Matrix's motion and dissolved the TRO on July 1, 2008, finding that Union failed to demonstrate irreparable harm. On October 30, 2008, the court granted Matrix's motion to dismiss Union's claims as moot in that the 2008 Summer recess period had ended.

Matrix moved on November 12, 2008 for an award of $28,811.00 in attorneys' fees and $29,806.16 in nontaxable expenses under § 7 of the Norris-La Guardia Act, 29 U.S.C. § 107. This court denied the motion on ruling that Matrix could not recover these damages because neither the Wayne County Circuit Court nor this court had issued a bond securing the TRO. On appeal, the Sixth Circuit reversed, finding § 7 of the Norris-La Guardia Act did not preclude this court from setting the amount of a bond after the TRO had been dissolved. Matrix Human Services, 589 F.3d at 859. The Sixth Circuit found that Matrix is entitled to recover damages under § 7 as a function of the amount of a bond:

> [W]e REVERSE the decision of the district court denying Matrix's section seven motion for recovery of fees and costs, and REMAND for the district court to determine what would have been an appropriate bond at the time of removal, which amount shall be the maximum amount of Matrix's recovery from the union.

Id. at 861.

Consistent with the Sixth Circuit's opinion and the order of remand,

IT IS ORDERED that defendant Matrix SHALL file a brief, not exceeding 20 pages,

2

and supporting documentation, on or before April 5, 2010, addressing: (1) the amount of an appropriate bond at the time of removal; and (2) the amounts of attorneys' fees and costs Matrix seeks as damages under § 7.

IT IS FURTHER ORDERED that plaintiff Union SHALL file a responsive brief not exceeding 20 pages, and supporting documentation, on or before April 29, 2010 addressing these same issues.

IT IS FURTHER ORDERED that the parties SHALL appear before this court on **May 25, 2010 @ 2:00 P.M., PROMPTLY**, in Courtroom 236, Theodore Levin U.S. Courthouse and Federal Building, 231 W. Lafayette, Detroit, Michigan, 48226 for a hearing on the matter.

SO ORDERED.

Dated: March 16, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 16, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---